# IN RE SOBRINOS DE ARMAS.

INVOLUNTARY  BANKRUPTCY—DEMURRER  TO  PETITION—SUSPENSION  OF
        PAYMENTS AS ACTS OF BANKRUPTCY.

1. A petition in bankruptcy should show the alleged bankrupt's business;
   and a person "trading" is not within the excepted class.
2. A firm is not insolvent if the partnership assets, adding individual
   assets less exemptions and individual debts, will pay the firm debts.
3. A petition on the part of the alleged bankrupt, to a local court under
   the local law, to be allowed to go into "suspension of payments,"
   acknowledging his inability to pay his debts, and asking a release of
   part of his indebtedness and further time within which to pay the
   balance, but failing to admit a willingness to be adjudged bankrupt
   under the national bankruptcy law, is not an act of bankruptcy.

March 25, 1903.

*Messrs. Horton & Cornwell* for creditors.

*Mr. José Hernandez* for defendants.

HOLT, Judge, delivered the following opinion:

Certain nonresident creditors of the firm of Sobrinos de Armas petition to have them declared involuntary bankrupts. A demurrer is presented by one of the firm, and also by certain opposing creditors. Both demurrers, however, present the same grounds, and may, therefore, be considered together. A demurrer admits facts well pleaded. If, therefore, the petition is

Re Sobrinos de Armas.

good upon its face, the demurrers must be overruled; otherwise, sustained.

The first ground is that the petition does not aver the business of the firm, and fails to show but what it is of a class that cannot be adjudged involuntary bankrupts. A petition in involuntary bankruptcy properly should show the alleged bankrupt's business, or that he does not fall within the classes excepted from its operation. It must describe his business sufficiently to show that he is subject to be adjudged an involuntary bankrupt. Bradenburg, Bankr. pp. 87, 298; Collier, Bankr. p. 49.

It is true the petition fails to aver in so many words that they are merchants, but does aver that they are partners trading under the firm name of Sobrinos de Armas. A "trader" is defined as one who makes it his business to buy merchandise or goods and chattels, and sell the same again for the purpose of making a profit; and a person of this class is not within the excepted class. Moreover, the petition avers that they applied for a "suspension of payments" under the local law, and only a merchant could do so. This objection is not, therefore, well founded. The next one is that the petitioners aver they have provable claims in excess of credits in a sum of more than $500. It is urged that this is a statement of a legal conclusion merely. Facts, and not legal conclusions, must be alleged. It is not sufficient to aver that the petitioner has a "provable claim." Facts must be averred showing it is one. Bradenburg, Bankr. p. 288; Loveland, Bankr. p. 151.

In this instance, however, the petition sets forth in detail the character of the claims, their amount, and that they are for goods sold to Sobrinos de Armas. It shows they are provable claims. This objection is, therefore, overruled.

The third objection is that the petition does not aver the insolvency both of the firm and of each member. It is proper in

Re Sobrinos de Armas.

a petition to aver the insolvency of both the firm and its members. An averment that the partnership is insolvent, meaning that the firm assets are not sufficient to pay the firm's debts, is not sufficient. The reason is that the partners are liable *in solido* for the firm debts. It is true the firm assets must be first applied to the payment of the firm debts, and individual creditors have the prior right to look to the individual property, but this looks merely to marshaling the assets. Any excess of assets either way must go to pay the other debts. A firm is not insolvent if the partnership assets, adding individual assets less exemptions and individual debts, will pay the firm debts. In this instance, however, the petition avers the insolvency of each individual member of the firm, and this is sufficient, as they are the owners of both the firm and individual assets as well.

This objection is, therefore, also overruled.

The next ground of the demurrer is novel, and presents a somewhat troublesome question. It is that the petition does not aver any act of bankruptcy. There is no averment that the alleged bankrupts have made way improperly with any of their property; or have allowed any preference; or have made a general assignment for the benefit of their creditors. The bankrupt law, however, provides that an admission in writing of inability to pay the debtor's debts by him, and his willingness to be adjudged a bankrupt, is an act of bankruptcy, and that he may be adjudged an involuntary bankrupt upon this ground.

The ground set forth in the petition upon which it is sought to declare these parties bankrupts, is that, being insolvent, they, within four months before the filing of the petition, petitioned an insular district court of Porto Rico for "suspension of payments," admitting in their petition their inability to pay their obligations, and asking a release of 50 per cent of their indebtedness, and a term of three years within which to pay the remain-

ing 50 per cent at various dates and times, such payment to be a full discharge of their indebtedness. It is claimed that this, in substance at least, amounts to an admission in writing of their inability to pay their debts, and their willingness to be adjudged bankrupts on this ground; and that therefore they have committed an act of bankruptcy, and come within the terms of the bankrupt law. This is the only ground upon which it is asked that they be declared bankrupts.

The proceeding known as "suspension of payments" is peculiar to the local law. There is also separate provision in it as to insolvency and bankruptcy. The petition in this case avers an admission in that proceeding for the suspension of payments, of inability on the part of Sobrinos de Armas to pay their debts. It does not aver, however, that in that proceeding they admitted a willingness to be adjudged bankrupt.

To constitute this act of bankruptcy under the United States law of bankruptcy three things are essential: First, the admission must be in writing; second, it must contain an admission, either expressly or so strong impliedly as to leave no doubt, of inability to pay the indebtedness; and, third, a willingness to be adjudged a bankrupt. In this summary character of proceeding these provisions should be construed strictly as to the proposed bankrupt. . If he has not admitted his willingness to be adjudged a bankrupt because of inability to pay his debts, he should not be adjudged one. "Willingness to be adjudged a bankrupt" must mean to be adjudged such under and according to the national bankrupt law. His property is then taken out of his control and summarily sold; and he is subjected to all the requirements of the bankrupt law as to examination, etc. In the "suspension of payments" he does not ask or consent to this, but for time to. pay; and he may ask that the court, upon the action of creditors, give him a certain reduction of his indebtedness. In short, it

Re Sobrinos de Armas.

is a composition with his creditors. An admission, even in a letter, by a debtor of his inability to pay his debts, and that he is willing to be declared a bankrupt, would be sufficient to constitute an act of bankruptcy under the provision cited of the bankrupt law; but the application for a "suspension of payments" with a reduction of indebtedness does not amount, in substance even, to expressing a willingness to be declared a bankrupt, within the United States law.

It results that the petition fails to aver an act of bankruptcy within the terms or meaning of the bankrupt law, and the demurrer to the petition must, upon this ground, be sustained.

It occurs to the court that under the general rule that amendments will not be allowed introducing new facts or changing essentially the ground of the application unless for very special reasons and where a furtherance of justice requires it, that the petition in this case cannot be made good, but ten days' time is allowed within which an amendment may be tendered; otherwise, the petition will be dismissed.

The demurrers are sustained.